UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BETH BECKER,

    Plaintiff,

vs.                                  CASE NO.:  8:20-CV-594-T-36AEP

ST. PETERSBURG COLLEGE BOARD
OF TRUSTEES,

    Defendant.
_____/

## JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT

Plaintiff, BETH BECKER ("Ms. Becker"), and Defendant, ST. PETERSBURG COLLEGE BOARD OF TRUSTEES ("SPC"), (both parties collectively referred to as the "Parties") jointly submit this Motion requesting that the Court approve the Parties' settlement of Ms. Becker's Fair Labor Standards Act claims in the above-captioned matter. The good cause warranting approval is as follows:

1. Ms. Becker filed the instant action on March 17, 2020 alleging that SPC violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA"), when it failed to pay her overtime wages. (Doc. 1).

2. To avoid the cost and uncertainty of litigation, the Parties have negotiated a settlement of this matter for Ms. Becker's alleged unpaid overtime wages, Ms. Becker's alleged liquidated damages in connection with her alleged unpaid overtime wages, and Ms. Becker's attorney's fees and costs.

3. The Parties request that the Court approve the FLSA Settlement Agreement (the "Agreement") entered into by the Parties, a copy of which is attached to this Motion as Exhibit A,

1

pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982), which provides that claims for back wages arising under the FLSA may be settled or compromised only with the approval of the Court or the Secretary of Labor.

4. The Parties agree that this lawsuit involves disputed issues of liability, primarily the number of off-the-clock hours that Ms. Becker alleged to have worked in overtime, and that the Agreement represents a reasonable compromise of disputed issues.

5. Accordingly, the settlement represents a fair and reasonable settlement of the controversies involved in this case and comports with the policies underlying the FLSA.

6. The Parties voluntarily agreed to the terms of the Agreement.

7. The Parties were represented by experienced counsel and had ample opportunity to consult with counsel prior to executing the Agreement.

8. The Parties negotiated the issue of attorney's fees separately from the issue of Ms. Becker's recovery.

WHEREFORE, the Parties respectfully request that this Court enter an Order approving the attached FLSA Settlement Agreement and dismissing the Complaint filed by Ms. Becker against SPC in this action (Doc. 1) with prejudice.

| | |
|---|---|
| */s/ Scott L. Terry* | */s/ Mark E. Levitt* |
| Scott L. Terry, Esquire | Mark E. Levitt, Esquire |
| Florida Bar No.: 77105 | Florida Bar No. 193190 |
| Email: scott@fgbolaw.com | Email: mlevitt@anblaw.com |
| Secondary email: gina@fgbolaw.com | Secondary email: tsuarez@anblaw.com |
| Wolfgang M. Florin, Esquire | Howard M. Waldman, Esquire |
| Florida Bar No.: 907804 | Florida Bar No.: 1002881 |
| Email: wolfgang@fgbolaw.com | Email: hwaldman@anblaw.com |
| FLORIN, GRAY, BOUZAS, OWENS, LLC | ALLEN, NORTON & BLUE, PA |
| 16524 Pointe Village Drive, Suite 100 | 1477 W. Fairbanks Ave., Ste. 100 |
| Lutz, FL 33558 | Winter Park, Florida 32789 |
| Telephone: (727) 254-5255 | Telephone: (407) 571-2152 |
| Facsimile: (727) 483-7942 | Facsimile: (407) 571-1496 |
| *Counsel for Plaintiff* | *Counsel for Defendant* |

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of this filing to all counsel of record in this case via transmission of Notices of Electronic Filing generated by CM/ECF.

>／s/Mark E. Levitt
>Attorney