UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BETH BECKER,

    Plaintiff,

vs.                              CASE NO.: 8:20-CV-594-T-36AEP

ST. PETERSBURG COLLEGE BOARD
OF TRUSTEES,

    Defendant.

_____/

FLSA SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Agreement") is made and entered into by and between BETH BECKER ("Ms. Becker") and Defendant, ST. PETERSBURG COLLEGE BOARD OF TRUSTEES ("SPC") (collectively referred to as the "Parties").

WITNESSETH:

WHEREAS, Ms. Becker filed a civil action against SPC in the United States District Court, Middle District of Florida, Case No. 8:20-CV-594-T-36AEP, alleging a cause of action under the Fair Labor Standards Act (the "Lawsuit");

WHEREAS, SPC denies Ms. Becker's claims in the Lawsuit;

WHEREAS, Ms. Becker and SPC desire to avoid incurring further costs of litigation, and seek to resolve all matters in controversy, disputes, and causes of action between them in an amicable fashion;

WHEREAS, Ms. Becker and SPC have reached a full and final settlement of Ms. Becker's Fair Labor Standards Act ("FLSA") overtime claim in the Lawsuit; and

WHEREAS, Ms. Becker acknowledges that any payment received pursuant to this Agreement constitutes consideration which she would not otherwise be entitled to receive from SPC.

NOW THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and to avoid unnecessary litigation, it is hereby agreed by and between the Parties as follows:

Ex. A

Promises of SPC

1. This Agreement shall not be construed as an admission by SPC of any liability whatsoever, or as an admission by SPC of any violation of any order, law, statute, regulation, duty, contract, or the rights of Ms. Becker or any other person, and SPC specifically disclaims any liability to Ms. Becker or any other person and any alleged violation of any order, law, statute, regulation, duty, contract, or the rights of Ms. Becker or any other person.

2. In full settlement of Ms. Becker's FLSA claim, including attorney's fees and costs, SPC agrees to pay Ms. Becker and her attorney as follows:

   a. the amount of two-thousand and five-hundred dollars ($2,500.00), less applicable withholding, made payable to Ms. Becker representing alleged unpaid wages in connection with her FLSA claim, for which a W-2 will be issued;

   b. the amount of two-thousand and five-hundred dollars ($2,500.00), made payable to Ms. Becker representing liquidated damages in connection with her FLSA claim, for which a 1099 will be issued; and

   c. the amount of four-thousand dollars ($4,000.00), made payable to Ms. Becker's attorney, Florin Gray Bouzas Owens, LLC, as attorney's fees and costs in connection with Ms. Becker's FLSA claim, for which a 1099 will be issued.

3. The settlement payment described in Paragraph 2 shall be made within ten (10) calendar days after Court approval of the Agreement. Payment will be sent to Ms. Becker's counsel at his office at 16524 Pointe Village Drive, Suite 100, Lutz, Florida 33558.

Promises of Ms. Becker

4. Ms. Becker agrees that she is liable and fully responsible for payment of any and all taxes normally and customarily paid in association with such payment, including any penalties, interest, or other costs attributable to the late payment of such taxes. Ms. Becker agrees that she will indemnify and hold SPC harmless from any tax liability normally and customarily paid by an employee, including penalties and interest, in the event the IRS or any government agency subsequently determines that taxes, penalties, interest, or other costs normally and customarily paid by an employee are due for the sums paid pursuant to this Agreement.

5. Ms. Becker agrees and acknowledges that this is a disputed claim and represents that upon receipt of the full settlement payment described in Paragraph 2, she will have released all claims against SPC under the FLSA for any and all work performed for or on behalf of SPC existing prior to the execution of this Agreement, and will dismiss the Lawsuit.

2

**Ex. A**

Mutual Promises

6. The Parties agree and acknowledge that the amount of attorney's fees described in Paragraph 2(c) was reached separately and without regard to the amount Ms. Becker agreed to accept in the settlement to cover her wage claims, and that the amount is an accurate reflection of the amount of work performed and costs incurred.

7. The Parties agree and acknowledge that they have thoroughly discussed all aspects of this Agreement with their respective attorneys and have carefully read and fully understand all of the provisions of this Agreement, and that they are voluntarily entering into this Agreement.

8. The Parties hereto represent and acknowledge that in executing this Agreement, they do not rely and have not relied on any representation or statement made by any of the Parties or by any of the Parties' agents, representatives, or attorneys with regard to the subject matter, basis, or effect of this Agreement or otherwise other than those specifically stated in this written Agreement.

9. Any breach of any term, provision, or obligation of this Agreement by any Party, shall entitle the other to seek enforcement of such term, provision, or obligation in a court of law of competent jurisdiction, and shall entitle the prevailing party to an award of the reasonable attorney's fees and costs incurred in such proceeding. The Parties agree that the proper venue for any action, based upon any alleged breach of any term, provision, or obligation of this Agreement, shall be in a court of law in Pinellas County, Florida.

10. Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid, unethical, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal, invalid, unethical, or unenforceable term or provision shall be deemed not to be part of this Agreement.

11. The Parties to this Agreement may execute their signatures in counterpart, each document of which may be considered as an original when executed.

12. The Parties expressly acknowledge and agree that this Agreement and the payment of the settlement amount described in Paragraph 2 is contingent upon the entry of an Order from the Court approving the settlement and dismissing the Lawsuit with prejudice.

7/27/2020
Date

*Beth Becker*
Beth Becker

7/30/2020
Date

*[signature]*
On behalf of
St. Petersburg College Board of Trustees

Suzanne L. Gardner
Printed Name

General Counsel
Title

3

Ex. A